[No. 20236.  In Bank.—January 31, 1888.]

## THE PEOPLE, RESPONDENT, *v.* LOUIS GIANCOLI, APPELLANT.

CRIMINAL LAW — MURDER — EVIDENCE OF FLIGHT — REMARK BY COURT — INSTRUCTION. — In a prosecution for murder, a remark made by the court, in explanation of a ruling admitting evidence of the defendant's flight, that "flight is an evidence of guilt," will not be held misleading when the court immediately states that it does not intend to make any intimation as to the defendant's guilt, and subsequently correctly instructs the jury as to the purpose and effect of evidence of flight.

ID. — EVIDENCE OF SUPPOSITION. — On the trial, a witness who made the arrest testified that he started to arrest the defendant for murder, which he supposed it was. *Held,* that as the defendant had been convicted only for manslaughter, the testimony was without prejudice.

ID. — FLIGHT AS EVIDENCE OF GUILT. — The flight of a person suspected or charged with a crime is a circumstance to be weighed by the jury as tending in some degree to prove a consciousness of guilt, and the court may instruct the jury so to consider such circumstance in arriving at a verdict.

ID. — INSTRUCTION AS TO FLIGHT. — An instruction to the effect that flight is not an inference of guilt, and that timid persons, although innocent, might seek safety thereby, *held,* properly refused.

ID. — INSTRUCTION NEED NOT BE REPEATED. — The refusal to give an instruction which has already been given in substance is not erroneous.

ID. — JUSTIFIABLE HOMICIDE — MORTAL COMBAT — DEFENDANT NOT ASSAILANT. — In a prosecution for murder, an instruction as to what will constitute a justifiable homicide by a person engaged in mortal combat is not erroneous, although it omits any reference as to whether the defendant was the assailant or not, when the evidence shows that the defendant was not the assailant.

ID. — COMMITMENT FOR MANSLAUGHTER — INFORMATION FILED FOR MURDER. — Where a defendant is held to answer before the committing magistrate for manslaughter, on testimony which tends to show him guilty of murder, the district attorney may file an information against him for the latter offense; and such action by the district attorney cannot be considered as prejudicial to the defendant, although on the trial he is convicted of manslaughter only.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. A. Cooper*, for Appellant.

*Attorney-General Johnson*, and *J. M. Marmon*, for Respondent.

BELCHER, C. C. — The defendant was convicted of manslaughter, and sentenced to serve a term of four years in the state prison. He moved for a new trial, and has appealed from the judgment and order denying his motion.

The homicide was committed on the twenty-second day of May, 1887, in Mendocino County. Immediately after its commission defendant fled and was arrested two days afterwards, while traveling down the coast in Sonoma County.

It is not claimed that the evidence was insufficient to justify the verdict, but it is insisted that several erroneous rulings were made by the court, which necessitate a reversal of the judgment.

After a careful examination of the record, we fail to see that any such errors were committed as will justify a reversal.

1. The remark of the court that "flight is an evidence of guilt" was made to counsel in explanation of the ruling admitting evidence of defendant's flight, and was followed by the statement: "The court does not intimate at all that he is guilty, or that there is any evidence of guilt, but if there should be evidence of guilt, this might be given in evidence." The jury were afterwards correctly instructed as to the purpose and effect of evidence of flight, and we are therefore unable to see how they could have been misled by the remark complained of.

2. The answer of the witness who arrested defendant, that "I started to arrest him for murder, which I supposed it was," was given in explanation of the arrest, and not to prove the commission of the crime. The

witness did not pretend to know anything about the facts of the case, and told only why he pursued, and when and where he arrested defendant. His supposition, therefore, as to the nature of the offense, could not, and evidently did not, influence the jury in making up their verdict, which, as we have seen, was only for manslaughter.

3. Upon the subject of flight the court, at the request of the district attorney, instructed the jury as follows:—

"The flight of a person suspected or charged with a crime is a circumstance to be weighed by the jury, as tending in some degree to prove a consciousness of guilt, and if you find from the evidence that the defendant fled from the scene of the homicide after its commission, and was captured some two days afterwards at a distance of twenty miles from the place where the killing occurred, I charge you that this is a circumstance to be considered by you in arriving at a verdict."

This instruction was proper. The part of it objected to was taken from the opinion of this court in *People* v. *Stanley*, 47 Cal. 118, where the rule announced is said to be " well settled." See also *People* v. *Vasquez*, 49 Cal. 560, where it was held that the court may instruct the jury, that testimony has been introduced *tending* to prove a certain matter.

The instruction asked by defendant upon the subject of flight was properly refused. It was apparently drawn rather as an argument in defendant's favor than as a statement of the law upon the matter in hand. If given, it would have told the jury that: " It [flight] is by no means an inference of guilt. Many men are naturally of weak nerve and timid, and under certain circumstances the most innocent person might. seek safety in flight." A person, however conscious of his innocence, might not have the courage to stand a trial, but might, although innocent, think it necessary to consult his safety in flight. "These were considerations which it was

the province of counsel, and not of the court, to present to the jury.

4. Instruction number 10, asked by defendant, conceding it to be a correct statement of the law applicable to the case, was substantially embraced in the previous instructions which were given at defendant's request. We think, therefore, that its refusal was not a material error.

5. In its charge to the jury, the court stated at length the law of justifiable homicide, as declared in the code, and in doing so used these words: "But if such person is engaged in mortal combat, he must really and in good faith have endeavored to decline such struggle before the homicide is committed." This language is objected to because "nothing is said in the instruction as to whether the defendant was the assailant, or not." The provision of the code is, " but such person, or the person in whose behalf the defense was made, if he was the assailant, or engaged in mortal combat, must really and in good faith have endeavored to decline any further struggle before the homicide was committed." (Pen. Code, sec. 197, subd. 3.)

Defendant was not the assailant, but was assaulted and knocked down by the deceased without cause or provocation. After he was down deceased stood over him and struck him several blows on the face. Deceased had no weapon, but struck with his fist. When deceased stopped his battery and had stepped aside, defendant arose, and as he did so drew a knife, and with it stabbed deceased, inflicting a mortal wound.

With these facts before the jury, it was not necessary for the court to say anything to them about defendant's being the assailant. The only question was, whether he was at the time in such real or apparent danger of receiving great bodily injury as to justify the killing.

The instruction was authorized by the code, and was broad enough to cover the case in hand.

6. The defendant was held to answer before the committing magistrate for manslaughter, but in the information filed against him was charged with murder. The point is made that the information should have charged only manslaughter, and that defendant was prejudiced by the charge of a higher offense. Counsel do not question the correctness of the rule laid down in *People* v. *Lee Ah Chuck*, 66 Cal. 665, and *People* v. *Vierra*, 67 Cal. 234, to the effect that when the testimony has been taken down and returned by the magistrate, the responsibility is thrown upon the district attorney to determine therefrom the offense to be charged; but it is insisted that the testimony returned by the magistrate clearly showed that no higher crime than manslaughter had been committed.

There was, however, some evidence tending to support the district attorney's theory, and when such is the case, we think that the determination of the district attorney is conclusive, so far as the validity of the information is concerned, however erroneous that determination may be. And if the information was valid, there can be no question of prejudice to the defendant. There could be no prejudice other than such as must result from any lawful accusation of crime.

We find no material error in the record, and in our opinion the judgment and order should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.