[Crim. No. 117.   In Bank.—May 30, 1896.]

## THE PEOPLE, RESPONDENT, v. JOHN CUMMINGS, APPELLANT.

CRIMINAL LAW—INSTRUCTIONS TO JURY—STATEMENT OF EVIDENCE—CONSTITUTIONAL LAW.—A statement to the jury upon the trial of a criminal case of what the evidence tends to show is not an instruction as to matters of fact within the prohibition of section 9 of article VI of the constitution.

ID.—APPEAL—PRESUMPTION.—When the evidence is not returned upon appeal it will be presumed that it sustained the statement of the court to the jury of what the evidence tended to show.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. NOYES, Judge.

The facts are stated in the opinion of the court.

*Wilfred M. Peck*, and *A. Arid Adair*, for Appellant.

It was error to instruct the jury that there was testimony to show that defendant and others were engaged

in the robbery of one T. C. Narramore, at the time and place mentioned in the information, and that while so engaged and in furtherance of their common purpose did accomplish this robbery, and that there was testimony to show that deceased was slain by defendant or some of the parties engaged in the robbery. This instruction usurps the function of the jury in that it charges them upon the weight and effect of evidence. (Const., art. VI, sec. 19; *People* v. *Hertz,* 105 Cal. 660; *People* v. *Choynski,* 95 Cal. 640; *People* v. *Gordon,* 88 Cal. 422; *People* v. *Casey,* 65 Cal. 269.) As it was not proper under any circumstances it may be reviewed though the record contains no evidence. (*Carpenter* v. *Ewing,* 76 Cal. 487.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

Upon the principle of *stare decisis* the instruction complained of must be upheld and regarded as unassailable. Any statement of facts couched in the language "that tends to show," is correct under the constitutional provision that declares the court "may state the testimony and declare the law." (*People* v. *Vasquez,* 49 Cal. 562; *People* v. *Perry,* 65 Cal. 569; *People* v. *Stevens,* 68 Cal. 113; *People* v. *Giancoli,* 74 Cal. 644; *People* v. *Ah Jake,* 91 Cal. 99.) The charge must be construed as a whole. (*People* v. *Chun Heong,* 86 Cal. 329; *People* v. *Clark,* 84 Cal. 573; *People* v. *Turcott,* 65 Cal. 126; *People* v. *Cronin,* 34 Cal. 204.)

HARRISON, J.—The defendant was convicted of murder in the first degree, and was thereafter adjudged to suffer the penalty of death. From this judgment he has appealed, bringing the appeal before this court upon the judgment-roll alone without any bill of exceptions.

The only error assigned in support of the appeal is that in giving the instructions to the jury the court made the following statement:

"Testimony has been introduced before you tending to show that the defendant John Cummings and others

were engaged in the robbery of one T. C. Narramore, at the time and place mentioned in the information in this case, and that, while so engaged, and in furtherance of the common purpose of defendant Cummings and his associates, did accomplish this robbery, and testimony has been introduced before you tending to show that the deceased Narramore was slain by the defendant, or by some of the parties with whom he was then engaged in the robbery.".

It is objected that the court thereby violated the provision of section 19 of article VI of the constitution, and instructed the jury with respect to matters of fact. As the appellant has not brought up the evidence, we must assume that it fully sustained the statement by the court of what the evidence tended to show. The above instruction is identical in language with that which was approved in *People* v. *Vasquez,* 49 Cal. 560, and the reasons which are now presented against its correctness were then fully considered by the court, and deemed insufficient. The principle of the instruction was afterwards affirmed by the court in *People* v. *Perry,* 65 Cal. 568, *Morris* v. *Lachman,* 68 Cal. 109, and *People* v. *Giancoli,* 74 Cal. 642.

We are satisfied that the judicial interpretation then given to this section of the constitution is correct, and upon the authority of those cases the judgment is affirmed.

Garoutte, J., McFarland, J., Van Fleet, J., Temple, J., Henshaw, J., and Beatty, C. J., concurred.