[Crim. No. 191.  Second Appellate District.—May 15, 1911.]

## THE PEOPLE, Respondent, v. ALLEN R. FISHER, Appellant.

CRIMINAL LAW — EMBEZZLEMENT — SUFFICIENCY OF INFORMATION.—An information charging embezzlement of two diamond rings which came into defendant's care or control by virtue of his employment, as defined in section 508 of the Penal Code, is sufficient.

ID.—SECTIONS OF CODE DEFINING EMBEZZLEMENT.—If the facts stated in an information charging embezzlement show a case of embezzlement which might describe the crime so as to fall under several sections of the code defining embezzlement, it cannot be held bad, if it is complete in its charge under either of the sections.

ID.—DESCRIPTION OF SEVERAL ACTS INCLUDED IN TERMS OF SECTION.— An information embracing a description of the several acts included in the terms of a section does not state more than one crime.

ID.—FOLLOWING LANGUAGE OF STATUTE.—An information which charges the offense of embezzlement in the language of the statute, or substantially in such language, is sufficient.

ID.—REQUESTED INSTRUCTIONS MARKED "GIVEN" AND SIGNED NOT MIS-
LEADING.—Requested instructions which are marked "given" and
signed by the judge could not mislead the jury, if they were allowed
to take the instructions to the jury-room.

ID.—INSTRUCTIONS AS TO REASONABLE DOUBT — DETAILED REITERATION
NOT REQUIRED.—Where the court had fully instructed the jury as
to the law of reasonable doubt, and that each of the material allega-
tions in the information must be proved beyond a reasonable doubt,
before defendant could be convicted, it was not error to refuse to
give instructions which treated all of the allegations separately, and
presented in that form the same instruction which had been already
given. Reiteration is not required, but briefly instructing on one
subject is to be commended.

ID.—INSTRUCTION AS TO DEMAND FOR RETURN OF RINGS NOT REQUIRED—
DEPARTURE FROM STATE.—Where it appears that the defendant, in-
stead of bringing back the rings or the money as he had promised,
departed from the state, taking the rings with him, a clear case of
embezzlement thereof is made out, and it was not error to refuse
an instruction, under the circumstances of the case, that before the
defendant could be convicted of embezzlement, it would be necessary
for the prosecution to show that before the filing of the complaint
demand had been made upon the defendant to either return the rings
or the money agreed as the purchase price thereof.

ID.—PROPER INSTRUCTION AS TO FLIGHT.—It was proper to instruct the
jury as to the effect to be given to the evidence of the flight of the
accused from the state, as a circumstance tending to show a con-
sciousness of guilt.

ID.—FLEEING WITH EMBEZZLED PROPERTY—PROPER INSTRUCTIONS.—The
jury might properly have been told that proof that the defendant
fled from the state carrying the property of the complainants with
him was evidence of the intent of the accused to commit the crime
charged, and of the embezzlement itself.

ID.—DUTY OF JURORS—REQUEST EMBODIED IN CHARGE.—Where the court
had properly instructed the jury as to the duty of the jurors to be
true to their convictions, it was not error to refuse a request to
similar effect.

ID.—SUPPORT OF VERDICT.—It is held that the evidence for the prosecu-
tion fully supports the verdict for embezzlement of the rings which
were intrusted to him in a fiduciary capacity, and that there is no
evidence for defendant to the contrary.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
George R. Davis, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of embezzlement, and appeals from the judgment and from an order denying his motion for a new trial.

On June 3, 1910, the Diamond Credit Company, a copartnership, intrusted the defendant with two diamond rings. Defendant had sold a ring for the copartners on a prior date. He stated to Alexander Lippert, one of the proprietors of the business, that he had a customer for another ring. He selected two from the stock and promised that he would either return the rings or the price agreed upon on the following day, It was understood that a commission of ten per cent would be paid to defendant in the event a sale was made of either or both of the rings. Defendant did not return the property on the following day, or at all, neither did he appear himself at the place of business of complainants at any time subsequent to the day when he received the rings. Inquiry was made among people with whom he had been in the habit of associating, but no trace of defendant was secured for some time. In August following he was located at Detroit, Michigan, and brought back under extradition warrant to Los Angeles for trial.

The information as filed by the district attorney did not charge more than one offense, as contended for by defendant, and it did state facts sufficient to constitute the offense of embezzlement as defined by section 508 of the Penal Code. In chapter VI of the Penal Code are grouped several sections, all dealing with the subject of embezzlement; they all define one and the same crime or offense. If perchance language is used which may seem to describe the crime under' several of these sections, the information will not be held bad if it is complete in its charge under either of the sections. The situation is no different than it would be where a number of different acts are described in a single section, in which

16 Cal. App.—18

case the commission of any one of such acts will constitute the crime. It has been held that different crimes are not charged where the information embraces a description of the several acts included in the terms of a section. (*People* v. *Gosset,* 93 Cal. 641, [29 Pac. 246] ; *People* v. *Thompson,* 111 Cal. 242, [43 Pac. 748] ; *People* v. *Gusti,* 113 Cal. 177, [45 Pac. 263].) An information which charges the offense of embezzlement in the language of the statute, or substantially in such language, is sufficient. (*People* v. *Ward,* 134 Cal. 301, [66 Pac. 372] ; *People* v. *Gordon,* 133 Cal. 328, [85 Am. St. Rep. 174, 65 Pac. 746].) Tested by the measure given in these authorities, the information in this case was not subject to the objection made to it by appellant.

Defendant complains of the giving of several instructions, and also of the refusal of the court to give others requested by him to be given. It is first pointed out in the printed argument that the jury might have been misled because some of the instructions given were headed, ''Charge of the Court,'' while others were indorsed, ''Requested by defendant and given.'' The latter sentence, excepting the last word thereof, was written upon the instructions by defendant's counsel, and the instructions went to the court bearing that indorsement. The trial judge added the word ''given'' in the blank left thereon and signed his name in the usual manner. Assuming, what the record does not show to be a fact, that the written instructions were given to the jury upon their retirement to the jury-room, it cannot be said that the defendant was prejudiced by the act of the court in allowing the words quoted to appear upon the instructions. Counsel for defendant suggests that the jury would be likely to attach more importance to those portions of the instructions under the head, ''Charge of the court,'' than they would to those marked with the phrase, ''Requested by defendant and given.'' An examination of the clerk's transcript shows that the heading, ''Charge of the court,'' appeared at the top of the first sheet of the instructions and under the title of the case; it was a general heading to all of the instructions given. The jury examining the papers, if they did examine them, could not well be given the impression that the term last quoted was intended to apply only to those instructions of the court

which did not bear upon them the words "requested by defendant and given."

It was not error for the court, after giving the general instructions in which the jury were told that each material allegation of the information must be proved beyond a reasonable doubt before the defendant could be convicted, to refuse to give instructions which treated all of the allegations separately, and presented in that form the same injunction to the jury as had been fully covered by the general instructions. Instructions which iterate and reiterate features of a charge of the court necessarily, by reason of their number, tend to confuse the jury, and the giving of them cannot serve any useful legal purpose. It is little wonder that the criticism is so often heard that jurors disregard instructions of the court, when it is considered how often the charge given them is composed of such a mass and number of instructions as to make its proper analysis a matter of almost impossibility to a jury of laymen. Brevity in the giving of instructions cannot be too much commended.

Under the circumstances of this case, it was not error for the court to refuse to instruct the jury that before the defendant could be convicted of embezzlement, it would be necessary for the prosecution to show that prior to the filing of the complaint demand had been made upon defendant to either return the rings or the money agreed as the purchase price thereof. The defendant failed to bring back the jewelry, as he had promised to do, and it appears that he left the state almost immediately thereafter. His action in taking the property out of the state in the manner he did and retaining it, at the same time attempting to place himself beyond the reach of any inquiry from the owners of the property, rendered a demand unnecessary, and furnished very satisfactory evidence of the embezzlement. (*People* v. *Ward,* 134 Cal. 301, [66 Pac. 372].) The effect of these acts, under all of the circumstances, tended to show that the intent of defendant was to keep, not only his person, but also the diamond rings, out of the reach of the complainants. Evidence of the embezzlement was, therefore, clear and sufficient.

The instruction included in the charge of the court to the jury as to the effect to be given evidence of flight of an accused person was substantially the same as that approved in

the case of *People* v. *Giancoli*, 74 Cal. 642, [16 Pac. 510].
By the instruction here complained of, the jury were told
that the flight of defendant could be considered as a circum-
stance tending to show a consciousness of guilt. The jury
might properly have been told that proof that defendant fled
from the state, carrying the property of complainants with
him, was evidence of the intent of the accused to commit
the crime charged and of the embezzlement itself.

Defendant offered an instruction to the effect that each
individual juror should not vote for a verdict of guilty merely
because a majority or all of the remaining jurors deter-
mined upon that verdict, in order that an agreement might be
reached, and while a reasonable doubt of defendant's guilt
was entertained. This subject was fully covered in the gen-
eral instructions of the court, and, as was said in the case
of *People* v. *Rodley*, 131 Cal. 259, [63 Pac. 358], "They [the
jury] should not be lectured by the court to make them strong
and steadfast in their individual opinions; neither should
they be exhorted to reach an agreement; and while it is prob-
ably true that each juror must decide the matter for himself,
yet he should do so only after a consideration of the case
with his fellow-jurors, and he should not hesitate to sacrifice
his views or opinions of the case when convinced that they
are erroneous, even though in so doing he defer to the views
or opinions of others"; cited, also, in *People* v. *Perry*, 144
Cal. 748, [78 Pac. 284].

It was clearly shown that the defendant was a sales agent
for the complainants in dealing with the rings. The amount
of his commission had been agreed upon as being ten per
cent of the selling price. On the evidence offered on behalf
of the prosecution, no question could arise as to the fiduciary
capacity occupied by defendant toward complainants in the
transaction. The testimony of the complainants was nowhere
contradicted by any evidence, and the defendant introduced
no witnesses to testify in his behalf, neither did he himself
testify in contradiction of anything stated by the witnesses
for the people. No prejudicial error appears to have been
made by the court in its rulings on the admission of testi-
mony, and other errors assigned are not such as to require
particular notice. The defendant was properly convicted

on the case made out against him, and the trial court saw to it that he had the benefit of all the rights to which the law entitled him.

The judgment and order are therefore affirmed.

Allen, P. J., and Shaw, J., concurred.