[Crim. No. 540. First Appellate District.—November 11, 1914.]

## THE PEOPLE, Respondent, v. ANTONIO AMADIO, Appellant.

CRIMINAL LAW—EVIDENCE—CONTRADICTIONS AND INCONSISTENCIES—WHEN INHERENT IMPROBABILITY NOT SHOWN—CONFLICTING EVIDENCE.—Contradictions and inconsistencies in the testimony of a witness alone will not constitute inherent improbability, and where such contradictions and inconsistencies appear either in the evidence offered on behalf of the people or in the evidence adduced upon the whole case the result is only a conflict in the evidence, which does not constitute a ground for a reversal on appeal.

Id.—Alleged Misconduct of District Attorney—Impeachment of Witness—Calling Attention to Testimony in Former Trial.— It is held in this prosecution that there was no prejudice or misconduct on the part of the district attorney which would justify reversal of the judgment, and that the district attorney was within his rights in attempting to impeach the defendant by calling his attention upon the second trial to his testimony given upon a prior trial.

Id.—Date of Crime—Variance Between Information and Proof— When Immaterial.—The district attorney has the right to elect as to the particular transaction upon which he shall offer evidence, and where he so elects, upon the suggestion of the counsel for the defendant, to rest upon a particular transaction as the foundation of his case, in which election the counsel for the defendant acquiesces, no particular harm could come to the defendant by reason of his selecting a date different from that alleged in the information.

Id.—When Time Prior to Filing Information and Within Statute Sufficient—Variance—Injury Must Be Shown.—It is the general rule that if the act is shown to have been committed prior to the filing of the information and within the period of the statute of limitations, no complaint can be made on appeal upon the ground of variance; and even if a variance has occurred it is incumbent upon the appellant, in view of the election made, to show that he has suffered by that variance or was taken by surprise, and that injury resulted to him therefrom.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. L. S. Church, Judge presiding.

The facts are stated in the opinion of the court.

Eric G. Scudder, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—We are satisfied that none of the points made in support of the appeal is sufficient to warrant a reversal. The contention that the testimony is inherently improbable is based entirely upon claimed contradictions and inconsistencies in the testimony of the prosecutrix. Contradictions and inconsistencies in the testimony of a witness alone will not constitute inherent improbability. The best that can be said in favor of the argument in support of the appeal is that there is a pronounced conflict in the testimony

offered upon behalf of the prosecution, but it is only a conflict; and whether it appear in the evidence offered on behalf of the people or in the evidence adduced upon the whole case, it will not constitute a ground in this court for a reversal of the judgment.

We see no prejudice to the defendant in the conduct of the district attorney that will justify this court in reversing the judgment. Whatever was said and done by the district attorney in the first trial of the case may or may not have been by way of trapping the defendant into an inadvertent answer; but however that may be, the district attorney was within his rights when in an attempt at impeachment he called the attention of the defendant upon the second trial of the case to his testimony given upon the prior trial.

The district attorney's references to counsel were purely personal and evidently made in the heat of battle, and we fail to see how they operated to prejudice the defendant.

With reference to the contention that the proof adduced at the trial is at variance with the allegations of the information with respect to the date of the commission of the alleged offense, we are satisfied that the district attorney had the right to elect, and did elect, upon the suggestion of the counsel for the defendant, to rest upon a particular transaction as the foundation of his case; and that the defendant through his counsel acquiesced in that election. No particular harm, therefore, came to the defendant by reason of selecting a date different from that alleged in the information. Moreover, we believe it to be the general rule that if the act is shown to have been committed prior to the filing of the information and within the period of the statute of limitations, no complaint can be made here upon the ground of a variance. Even if a variance had occurred it was incumbent upon the defendant, in view of the election made, to show that he had suffered by that variance or was taken by surprise, and that injury to him resulted therefrom.

We are satisfied from a review of the evidence, direct and circumstantial, that it is sufficient to warrant the verdict of the jury.

The judgment and order appealed from are affirmed.