[Crim. No. 321.    Third Appellate District.—November 4, 1915.]

THE PEOPLE, Respondent, v. JUAN ANTUNEZ, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—SUFFICIENCY OF EVIDENCE.—In this prosecution for the crime of assault with intent to commit rape, it is held that it cannot be said as a matter of law that the prosecuting witness was wholly unworthy of belief, nor that the jury reached their verdict under the pressure of passion and prejudice.

ID.—APPEALS—JURISDICTION.—In a criminal case, if the evidence which bears against the defendant, considered by itself, and without re-

gard to conflicting evidence, is sufficient to support the verdict, the question ceases to be one of law—of which alone the appellate court has jurisdiction—and becomes one of fact upon which the decision of the jury and the trial court is final and conclusive.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

Reed M. Clark, and C. W. Gillespie, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CHIPMAN, P. J.—Defendant was convicted of the crime of assault with intent to commit rape upon the person of Mrs. Victoria Mirandi, a married woman, and was sentenced to imprisonment for the term of seven years. He appeals from the judgment and from the order denying his motion for a new trial.

The sole proposition urged for a reversal is that the evidence was insufficient to justify the verdict.

Defendant testified to having had sexual intercourse with the prosecutrix on the day charged and on previous occasions but that it was mutually agreeable. He denied having assaulted her with intent to commit rape, or at all. There was testimony tending to impeach the character of the prosecutrix for truth, honesty, and integrity and also her character for chastity. Her testimony was that she was sick and confined to her bed on the day of the alleged assault; that defendant came into her bedroom and after remaining there a short time he proposed to get in bed with her; that she refused him, whereupon he struck her on the head and face with one of his shoes which he had taken off his feet, and otherwise assaulted her; that she made an outcry and called to two children who were nearby—calling them by name—and defendant left her room without accomplishing his purpose. One of these children, aged about nine years, was permitted to testify and in some degree corroborated the testimony of the prosecutrix. The police officer who arrested defendant the same evening testified that he saw Mrs. Mirandi at that time.

"Q. Will you describe to the jury her condition? A. Well, she was lying in bed, couldn't speak, her mouth was puffed up like that, and her eyes were swelled up, couldn't see. Tried to get a statement from her and she couldn't talk at times, she couldn't tell at all any more than I asked what happened. Q. Don't tell me what she said. A. She just motioned like this, (shows). Q. Just that way? A. Just made a motion like this." There was evidence that other persons came to the house during the day and a good deal of wine was drunk and that the prosecuting witness drank with the others and became somewhat intoxicated.

The supreme court said, in *People* v. *Emerson,* 130 Cal. 562, 563, [62 Pac. 1069]: "If the evidence which bears against the defendant, considered by itself, and without regard to conflicting evidence, is sufficient to support the verdict, the question ceases to be one of law—of which alone this court has jurisdiction—and becomes one of fact upon which the decision of the jury and the trial court is final and conclusive." The limitations placed upon the appellate court and the rules by which it must be governed are stated in *People* v. *Lewis,* 18 Cal. App. 359, 364, [123 Pac. 232]: "We must assume, in the absence of something in the record upon which to base a contrary opinion, that the jury reached a verdict with full realization of their sworn duty, free from passion and prejudice. We must also assume that the learned trial judge was satisfied with the verdict or he would have granted the motion for a new trial. Cases have occurred, some are cited, where the appellate court has felt itself constrained, in the interest of justice, to overrule the conclusions of jury and trial court, but such cases are rare, and occur only where the uncorroborated testimony of the complaining witness is so obviously and so inherently improbable as to leave the court no recourse, without self-stultification, except to reverse the judgment. But this obvious and inherent improbability must, however, very plainly appear before the reviewing court should assume the functions of the trial jury."

If the jury had believed the testimony of defendant an acquittal must have followed. They manifestly did not believe him and did believe the prosecuting witness. Unless we can say that her testimony was "so obviously and inherently improbable as to leave the court no recourse, without self-stultification, except to reverse the judgment," we must accept the

verdict of the jury and the judgment of the court pronounced upon it as justified. Upon the record before us we cannot say that the prosecuting witness was wholly unworthy of belief nor can we say that the jury reached their verdict under the pressure of passion and prejudice.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.