[Crim. No. 2553. Second Appellate District, Division Two.—July 25, 1934.]

THE PEOPLE, Respondent, v. MAX BECKER, Appellant.

S. Ward Sullivan for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted of three counts of violation of section 288a, one count violation of

section 286 and one count violation of section 288 of the Penal Code. The alleged acts took place between defendant and the complaining witness, a boy of eleven years, in the store of defendant where the latter was engaged in the malt and liquor business.

Appellant contends that the evidence is insufficient to support the verdict, especially by reason of the fact that the complaining witness was an accomplice and corroboration as required by Penal Code, section 1111, was lacking. A child under the age of fourteen, in the absence of clear proof that he knew its wrongfulness at the time of committing the act charged against him, is deemed incapable of committing crime. (Pen. Code, sec. 26.) No case has been brought to our attention in which a child of eleven years has been held to be an accomplice in the commission of such an offense. It is doubtful whether it could be said in any case that a child of tender years could so far understand the nature and effect of acts such as those charged against appellant here as to know of their wrongfulness. A child may know that certain acts are forbidden and that if he commits them he will be punished, without being conscious that they are wrongful within the meaning obviously intended by the code. From the evidence in this case it cannot be said that there was the clear proof of knowledge of the wrongfulness of the acts which the law would require before the complaining witness could be held to be an accomplice. (*People* v. *Camp,* 26 Cal. App. 385 [147 Pac. 95] ; *People* v. *Kanngiesser,* 44 Cal. App. 345 [186 Pac. 388] ; *People* v. *Dong Pok Yip,* 164 Cal. 143 [127 Pac. 1031].)

The testimony shows that the felonious acts were committed, and specific acts were proved, several weeks prior to the dates alleged in the information. In these circumstances the variance as to dates would not be material unless defendant is misled in making his defense or placed in danger of being twice in jeopardy (*People* v. *Harrington,* 92 Cal. App. 245 [267 Pac. 942] ) ; and taking into consideration the proof in this case it appears that there was not such a material variance. In this connection the trial court properly gave the following instruction: ''It is wholly immaterial on what day or night the offense charged in any particular count of the information was committed, provided

you believe from the evidence that the precise offense charged in that particular count of the information was committed and that the same was committed within three years prior to the filing of the information in this case.'' Appellant complains of this instruction as prejudicially erroneous under the case of *People* v. *Elgar*, 36 Cal. App. 114 [171 Pac. 697]. Both the facts and the instruction given in that case were different than in this case. Except for count number 6, which was dismissed, there were five acts charged in the information here. Testimony was offered concerning only these five acts and the jury returned its verdict convicting defendant of the commission of all of them. There is nothing to indicate that the jurors were misled or confused by the above instruction or that it was in any way erroneous under the facts. Where one act is charged and many acts are proved, the jury must clearly understand that the act charged is the one concerning which all twelve jurors must agree, and must be satisfied beyond a reasonable doubt that the defendant is guilty of that very act, or they must acquit him. (*People* v. *Elgar, supra.*) Where one act is charged and only one is proved, the exact date of the offense is ordinarily not material if within the period limited by law. (*People* v. *Singh*, 62 Cal. App. 450 [217 Pac. 121].) Where five acts are charged and five are proved, an instruction such as that given here is obviously correct. (*People* v. *Wyett*, 49 Cal. App. 289 [193 Pac. 153].)

The court refused to give an instruction offered by appellant cautioning the jury to weigh and consider the testimony of the complaining witness with care. Similar cautionary instructions have been held to be proper (*People* v. *Vaughan*, 131 Cal. App. 265 [21 Pac. (2d) 438]; *People* v. *Scott*, 24 Cal. App. 440 [141 Pac. 945]), but in the instant case, even though the jurors were not thus cautioned, we must assume that they understood and applied the other instructions, which unmistakably directed them to critically and dispassionately appraise the testimony of all witnesses, and defendant could not have been prejudiced by the refusal of the requested instruction.

Appellant urges that the testimony of the complaining witness is so inherently improbable in essential features as to render it valueless. Notwithstanding contradictions and inconsistencies, it cannot be said that the latter's testi-

mony "is so obviously and so.inherently improbable as to leave the court no recourse, without self-stultification, except to reverse the judgment"; and this must "plainly appear before the reviewing court should assume the functions of the trial jury". (*People* v. *Antunez*, 28 Cal. App. 740, 742 [153 Pac. 963].) "Contradictions and inconsistencies in the testimony of a witness alone will not constitute inherent improbability" (*People* v. *Amadio*, 25 Cal. App. 729 [145 Pac. 151]), and "it is not sufficient that the testimony may disclose circumstances which are unusual" (*People* v. *Collier*, 111 Cal. App. 215, 226 [295 Pac. 898]). "It is the peculiar and exclusive province of the jury to decide upon the credibility of witnesses; and although impeaching evidence in the nature of contradictions or otherwise has been received, it is still not only the right but the duty of the jury to determine to what extent they will believe or disbelieve the testimony of the witness thus assailed." (*People* v. *Raich*, 26 Cal. App. 286 [146 Pac. 907].) ■ From an examination of the entire testimony of the complaining witness and a consideration of it in connection with the testimony of other witnesses, it does not appear that it is so inherently improbable as to require or justify a reversal by this court; and it cannot be said that, viewing the case as a whole, an injustice has been done.

Appellant's motion for a new trial was properly denied.

Judgment and order affirmed.

Stephens, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 23, 1934.