[Crim. No. 3097.   Second Appellate District, Division Two.—May 13, 1938.]

THE PEOPLE, Respondent, v. LAMBERTO MORENO, Appellant.

Theodore Gottsdanker for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from a conviction of selling, furnishing and giving away flowering tops and leaves of Indian hemp in violation of the State Narcotic Act. The defendant also appeals from the verdict and from the order denying his motion for a new trial.

The appeal from the verdict must be dismissed for the reason that it is unauthorized by law. (*People* v. *Bratten*, 137 Cal. App. 658 [31 Pac. (2d) 210]; *People.*v. *Wilson*, 7 Cal. App. (2d) 543 [46 Pac. (2d) 229].)

At about 10:30 P. M. an employee of Fort McArthur, who was assigned by the commander of the fort to act as an "operator" for the police authorities by reason of the sale of marihuana to soldiers of the fort, approached defendant, who was standing next to a lamp standard on the corner of Fourth Street and Harbor Boulevard, San Pedro, and after talking with appellant for a few minutes purchased a marihuana cigarette from him for the sum of twenty-five cents. The transaction was observed by Officer Reid of the Narcotic Detail and Inspector Harrigan of the State Narcotic Division, who were on the opposite corner approximately fifteen or twenty feet away, and who testified. Officer Reid then walked west on Fourth Street, at which time the "operator" handed to him the cigarette and walked away. The officer watched the defendant who entered a beer or pool hall where he remained about two minutes. Upon his reappearance the defendant entered a vacant lot and went behind a brick building, and when he returned to the sidewalk Officer Reid and Inspector Harrigan placed him under arrest. They then searched defendant, and not finding any marihuana cigarettes on him, took him behind the brick building and asked him where his "plant" was. He denied having a plant and stated

that he went there for a certain purpose, a call of nature, and said to the inspector, "Amigo, give me a break. I served two jolts in the big house and have served time in the city for marihuana".

Defendant was taken to his automobile, which was parked on Beacon Street between Third and Fourth Streets, and on searching it the officers found a lot of marihuana seeds in the trunk and under the front seat. While seated in the police car the defendant was asked how long he had been selling marihuana, and he stated that he had previously sold marihuana but the town was so "hot" he had quit. He was asked how much money the "operator" had given him for the cigarette, and he stated that he had received no money for it but had given the cigarette to the "operator" for nothing.

The only legal question raised by the defendant on behalf of his appeal is that the evidence of the prosecution is so inherently improbable in its essential features as to render all of such evidence of little if any value, and therefore the verdict of the jury was due to passion and prejudice.

■ Unless the appellate court can say that the testimony is so obviously and inherently improbable as to leave the court no recourse without self-stultification, except to reverse the judgment, the reviewing court should not interfere with the verdict and the judgment of the trial court upon that ground. (*People* v. *Antunez*, 28 Cal. App. 740 [153 Pac. 963]; *People* v. *Becker*, 140 Cal. App. 162 [35 Pac. (2d) 196].) Such improbability must "plainly appear before the reviewing court should assume the functions of the trial jury". (*People* v. *Antunez, supra*.) ■ "Contradictions and inconsistencies in the testimony of a witness alone will not constitute inherent improbability" (*People* v. *Amadio*, 25 Cal. App. 729 [145 Pac. 151]), and "it is not sufficient that the testimony may disclose circumstances which are unusual". (*People* v. *Collier*, 111 Cal. App. 215, 226 [295 Pac. 898].) The limitations placed upon the appellate court and the rules by which it must be governed are stated in *People* v. *Lewis*, 18 Cal. App. 359, 364 [123 Pac. 232]: "We must assume, in the absence of something in the record upon which to base a contrary opinion, that the jury reached a verdict with full realization of their sworn duty, free from passion and prejudice. We must also assume that the learned

trial judge was satisfied with the verdict or he would have granted the motion for a new trial. Cases have occurred, some are cited, where the appellate court has felt itself constrained, in the interest of justice, to overrule the conclusions of jury and trial court, but such cases are rare, and occur only where the uncorroborated testimony of the complaining witness is so obviously and so inherently improbable as to leave the court no recourse, without self-stultification, except to reverse the judgment. But this obvious and inherent improbability must, however, very plainly appear before the reviewing court should assume the functions of the trial jury.''

█ The defendant claims that the evidence of the prosecution is inherently improbable because the twenty-five cent piece which the officers had given to the so-called ''operator'' just previous to the purchase of the cigarette was not found on the defendant but only a nickel and a dime, and that the officers did not find any marihuana cigarettes on him or in his automobile or at his residence, which was later searched by them, nor behind the brick building. Also that the testimony of the officers was inherently improbable to the effect that they found a lot of marihuana seeds in the defendant's automobile and failed to take any of the evidence. These are all circumstances in evidence bearing upon the weight and credibility thereof which should be argued to the jury and with which this court has nothing to do.

The record is one which does not present a question of inherent improbability, and the authorities cited by defendant, i. e., *People* v. *Benson,* 6 Cal. 221 [65 Am. Dec. 506], and *People* v. *Hamilton,* 46 Cal. 540, present factual matters entirely dissimilar to those found in the instant case.

Judgment and order affirmed.

Wood, J., and McComb, J., concurred.