[Crim. No. 3375.   Second Appellate District, Division One.—September 18, 1940.]

THE PEOPLE, Respondent, v. O. D. CARROL, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

WHITE, J.—Following trial before the court sitting without a jury defendant was found guilty of the crime of "grand theft from the person". (Pen. Code, sec. 487, subd. 2.) Upon this appeal from the judgment of conviction and an order denying his motion for a new trial, appellant urges a reversal upon the single ground that the "verdict is contrary to the law and the evidence".

Viewing the evidence in the light most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the salient facts in the instant case are that the complaining witness, on February 12, 1940, was walking on 54th Street in the city of Los Angeles, carrying groceries in a shopping· bag in his left hand. He noticed appellant walking ahead of him on the street and also observed that appellant stopped several times and turned around and looked at the complainant. When the witness had walked up to within a few feet of appellant the latter suddenly turned and spit on him. Appellant immediately pulled out his handkerchief and said, "Oh, so sorry," and started to wipe and rub the spittle off the complainant's clothing with the handkerchief in his right hand. Appellant then changed the handkerchief to his left hand and rubbed up against the victim. The latter had a purse in his left pocket containing something over six dollars. The complainant had examined his purse at the corner just prior to meeting appellant, about 200 or 250 yards distant, and testified that it was his habit to feel of his purse from time to time. While appellant was cleaning the victim's clothing he rubbed up against him on the side where the purse was carried. The complaining witness did not feel his purse taken, but after appellant had wiped the spittle off the victim's clothing and backed away, the witness saw something in appellant's hand that was dark and was wrapped in appellant's handkerchief. He testified the missing purse was dark. When appellant was backing away the complainant asked him if he was looking for some special house number along there. Appellant replied in the negative, stating he wanted to go to Hollywood. He thereupon turned away and started across the street; an automobile drove up, appellant got into it, and drove on down the street. Before the automobile had proceeded halfway in the block the victim put his hand in his pocket and

discovered his purse was gone. Appellant was subsequently apprehended after his identification had been established by the victim from several pictures exhibited to him by the police.

Appellant took the witness stand and testified on direct examination that he was not in Los Angeles on the day the alleged offense was committed; that he had gone to San Francisco to live with a friend, but that the friend could not be present because at the time of the trial he was on a fishing boat in Alaska.

█ Upon this appeal it is appellant's contention that the money might have been lost instead of stolen; that there might have been a mistake in the identification of appellant, and that the alibi of appellant was uncontroverted. Appellant's testimony concerning his alibi is hazy and unimpressive. It is replete with improbabilities and much confusion upon his part as to dates and people. The court was entitled to give it little, if any, weight.

█ Appellant's claim that the testimony of the complaining witness is inherently improbable cannot be sustained. It is only when the testimony indicates something has been done that it would not seem possible could be done under the circumstances described, or where such testimony involves conduct that no one but a person of a "seriously calentured mentality" would be likely to do, that such testimony can be branded as inherently improbable and said to be unbelievable *per se*. (*People* v. *Haydon,* 18 Cal. App. 543, 556 [123 Pac. 1102, 1108, 1114].) █ The testimony of the complainant in the instant case cannot be thus strictured. As has been often stated, reviewing judges are, obviously, in no position to determine the credit which should be accorded to witnesses or to weigh their testimony. And just as often it has been said that for this reason our Constitution provides that the appellate courts are not authorized to review evidence, except where, on its face, it may justly be held that it is insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law. As was said by this court in *People* v. *Taylor, ante,* p. 324 [104 Pac. (2d) 846], "Before a verdict can be set aside it must clearly appear that upon no hypothesis whatever is there in the record substantial evidence to support the judgment." Our examination of the

record herein impresses us that there was sufficient evidence, considered in connection with such inferences as the trial judge may have reasonably drawn therefrom, to sustain the findings of fact upon which the judgment was predicated. While appellant's evidence that he was not in the city of Los Angeles on the date of the alleged offense raised a conflict with the testimony of the complaining witness positively identifying appellant, it was the province of the trial court to determine the weight of the testimony and the credibility of the respective witnesses. His determination thereof cannot be disturbed upon appeal. We find no- prejudicial error in the record.

The judgment and the order from which this appeal is taken are, and each is, affirmed.

York, P. J., and Doran, J., concurred.