[Crim. No. 2150.  First Dist., Div. One.  July 16, 1941.]

THE PEOPLE, Respondent, v. LOUISE JOHNSON, Appellant.

64

A. J. Hennessy for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

KNIGHT, J.—The defendant appeals from a conviction of grand theft, based on the verdict of a jury finding her guilty of having stolen $57 from the person of William R. Mize. Insufficiency of the evidence is the only ground of appeal.

The cause was submitted to the jury on the testimony of Mize, the defendant, and a police officer. Mize testified that the defendant stole the money from his hip pocket while she was riding beside him, at night, in his automobile. At the trial defendant admitted riding with Mize on the night in question, but denied having stolen anything from him. She was arrested the day following the alleged theft, and the police officer testified, as a rebuttal witness, that a few days after her arrest she told him that she had never seen Mize before—that she did not know him.

Defendant concedes that the evidence is directly conflicting on all points, but contends that the conviction

should be set aside upon the ground that Mize's testimony relating to the circumstances under which he claimed the theft was committed is so inherently improbable as to show that he is unworthy of belief. This contention cannot be sustained.

The facts of the case as they were established by his testimony were these: Between ten and eleven o'clock on the night in question he was driving alone south on Gough Street, in San Francisco, on his way home. He lived on San Bruno Avenue, is married, the father of three boys, and for about nineteen years has been employed as a mechanic by the Fairbanks-Morse Company. There is a traffic stop sign at the corner of Fulton and Gough Streets, and as Mize stopped in obedience to the sign, the defendant, a colored woman, who according to her testimony had not worked for about a year but engaged in acts of prostitution, walked up to his car and asked if he was going toward 15th and Howard Streets, stating she had "walked miles" and that her "feet were very sore". The street corner mentioned by her being on the route Mize was taking to reach his home, he consented to let her ride. She took the seat beside him, to his right; and soon after she entered the car she began, as Mize expressed it, "playing around" with his pants, and suggesting that they "go and have a party", to which he gave a negative reply. He carried his money in a wallet in his right hip pocket, and after letting her out at her destination he leaned over to close the door and observed his empty wallet on the seat. Without indicating what he had observed, he told her to get back in the car and they "would have the party she wanted to have". She reentered the car and Mize then started to drive her up Howard Street to the 17th Street police station. Realizing what he was about to do, she said, "You ain't taking me to the police station", and she reached over to turn off the ignition switch. Failing in this she grabbed the gear-shift lever, stalled the car and got out. Mize followed and tried to hold her; and while they were struggling in the street two men drove up in a car, stated they were policemen and that they would take care of her; whereupon she got in their car and they drove away. She left behind her hat and purse, but Mize's money was gone.

■ As said in *People* v. *Moreno,* 26 Cal. App. (2d) 334 [79 Pac. (2d) 390], "Unless the appellate court can say that the testimony is so obviously and inherently improbable as to leave the court no recourse without self-stultification, except to reverse the judgment, the reviewing court should not interfere with the verdict and the judgment of the trial court upon that ground. (*People* v. *Antunez,* 28 Cal. App. 740 [153 Pac. 963]; *People* v. *Becker,* 140 Cal. App. 162 [35 Pac. (2d) 196].) Such improbability must 'plainly appear before the reviewing court should assume the functions of the trial jury'. (*People* v. *Antunez, supra.*) 'Contradictions and inconsistencies in the testimony of a witness alone will not constitute inherent improbability.' (*People* v. *Amadio,* 25 Cal. App. 729 [145 Pac. 151]), and 'it is not sufficient that the testimony may disclose circumstances which are unusual'. (*People* v. *Collier,* 111 Cal. App. 215, 226 [295 Pac. 898].) The limitations placed upon the appellate court and the rules by which it must be governed are stated in *People* v. *Lewis,* 18 Cal. App. 359, 364 [123 Pac. 232]: 'We must assume, in the absence of something in the record upon which to base a contrary opinion, that the jury reached a verdict with full realization of their sworn duty, free from passion and prejudice. We must also assume that the learned trial judge was satisfied with the verdict or he would have granted the motion for a new trial. . . . ' " Applying the doctrine thus stated to the present case, it is apparent that no legal ground exists for interference with the jury's verdict.

■ The story told by defendant differed throughout from the one related by Mize; but it would serve no useful purpose to set forth the details thereof, because at the most it merely created a conflict in the evidence, and it was the exclusive province of the jury to determine which of them told the truth. Stated briefly, her version was that at Fulton and Gough Streets Mize drove his car up to the curb near her and invited her to get in, saying: "How about having a little party tonight"; that as soon as she got in they started bargaining about the price he should pay her; that he drove her first to Golden Gate Park, paid her five dollars, and then said he would take her to his room; that after driving some distance she inquired where he was going, and calling her a vile name he replied he was taking her "to the country"; that she became frightened, stalled the car and jumped out; and that he was using violence upon her in the street when the

two men drove up and took her away. She stated also that she did not know the two men; that after they let her out, she went to her room on Folsom Street, but did not remain there; that she spent the night with friends on O'Farrell Street, where she was arrested the next day.

The rule has been often restated that a jury, in passing upon the credibility of witnesses, may take into consideration many factors, among them being the character of the witnesses as shown by the evidence, the manner in which they testify, as well as the plausibility of their stories; and in the present case, even though the story told by defendant could be deemed sufficient to exculpate her from the criminal charge, it was for the jury to say whether it should be accepted in preference to the one adhered to by Mize, and since it rejected her story, its decision is controlling on appeal. (*People* v. *Von Benson*, 38 Cal. App. (2d) 431 [101 Pac. (2d) 527].)

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.