[Crim. No. 2193.   First Dist., Div. Two.   May 5, 1942.]

THE PEOPLE, Respondent, v. VINCENT SANTORA, Appellant.

Raine Ewell and Ralph D. Paonessa for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The defendant appeals from a judgment entered upon the verdict convicting him of grand theft and from the order denying his motion for a new trial.

On the morning of June 11, 1940, the defendant stopped the complaining witness on the street and asked him for directions to a certain address. The witness replied that he knew of no such street. During the conversation defendant's accomplice, Sternberg, approached but upon questioning stated that he also knew of no such address. As the complainant proceeded along the street with the two strangers, defendant told him that he had collected $30,000 for the death of his brother which sum he desired to divide between a certain church and an orphanage. Defendant stated that he would give Sternberg and the complainant $1,000 apiece if they would take him to an attorney or notary who would aid him in disposing of the money, and if they would prove to him that they were honest. Sternberg thereupon entered a bank and returned with a large sum of money as proof of his honesty; he took the complainant aside and urged him to take

advantage of the opportunity. The witness secured his bank book from his home and obtained $1,000 from his bank, signing a promissory note as security. When he showed the money to defendant the latter stated that he was convinced of the complainant's honesty.

About this time defendant complained of a headache, and Sternberg crossed the street to procure him some medicine from a drugstore after first giving the complainant his money to hold in order to prove that he trusted the witness. Sternberg returned with the wrong medicine and the complaining witness went to the store to exchange it. At defendant's suggestion he handed his $1,000 to Sternberg to hold until his return in order to prove that he trusted Sternberg. When the complainant came out of the store the defendant and his accomplice had disappeared. The two men were arrested on June 16, 1940, as they left a tavern; at this time Sternberg, in the presence of the defendant, sought to bribe the police officers in order to secure their freedom.

An indictment was filed against the defendant and Sternberg on June 24, 1940, jointly charging them with grand theft. They were released on bail and fled the state. Defendant was apprehended in New York City and was brought back to San Francisco, but his accomplice is still at large. On March 4, 1941, the court denied the defendant's motion to dismiss the action under section 1382 of the Penal Code. At the conclusion of the trial the jury returned a verdict of guilty. Defendant's motions for new trial and probation were denied and a judgment was entered upon the verdict sentencing him to San Quentin Prison.

The appellant contends that the court erred in admitting evidence of flight subsequent to his arrest and argues that evidence relative to flight is only admissible where the flight occurred immediately after the commission of the offense and prior to the arrest. The attempted distinction is without merit. ▐ It is well settled in this state that the flight of a person after the commission of a crime is a circumstance which may be considered with all of the other facts of the case as tending in some degree to prove a consciousness of guilt. Such evidence is admissible, therefore, not as a part of the *res gestae,* but as indicative of a guilty mind. (*People* v. *Lenahan,* 38 Cal. App. (2d) 39, 41 [100 P. (2d) 515]; *People* v. *Ciani,* 104 Cal. App. 596, 603 [286 Pac. 459]; *People* v. *Stanley,* 47 Cal. 113, 118

[17 Am. Rep. 401]; *People* v. *Giancoli,* 74 Cal. 642, 644 [16 Pac. 510]; *People* v. *Hall,* 199 Cal. 451, 460 [249 Pac. 859]; 8 Cal. Jur. 44.) ▮ It is also established law that evidence of the flight of an accused *after* arrest is admissible to show a consciousness of guilt and may be considered with all of the other circumstances of the case to show a guilty mind. (*People* v. *Ellis,* 188 Cal. 682, 693 [206 Pac. 753]; *People* v. *Welsh,* 63 Cal. 167, 168; 8 Cal. Jur. 45 and 46.)

▮ The appellant further argues that the trial court erred in not requiring the corroboration specified by section 1110 of the Penal Code. The aforementioned code section requiring the testimony of two witnesses or of one witness and corroborating circumstances applies specifically to larceny by false pretenses. The distinction between false pretenses and larceny has been repeatedly enunciated by our courts to the effect that: ''In larceny, the owner of the thing has no intention to part with his property therein *to the person taking it,* although he may intend to part with the possession. In false pretenses the owner does intend to part with his property in the money or chattel, but it is obtained from him by fraud.'' (*People* v. *Delbos,* 146 Cal. 734, 736 [81 Pac. 131]; *People* v. *Edwards,* 133 Cal. App. 335, 340 [24 P. (2d) 183].) In the instant case the evidence establishes that the complainant did not intend to part with his property in the money but intended only to part with possession during the period of his errand. Appellant was therefore guilty of larceny by trick and device and such offense does not require the corroboration specified by section 1110 of the Penal Code before a conviction may be sustained. (*People* v. *Edwards, supra,* at page 341.)

▮ Appellant argues that the evidence was insufficient to sustain the verdict. The record on appeal containing the testimony of the complainant, the testimony of the bank manager concerning the complainant's transaction with the bank, the testimony of the police officers relative to the attempted bribe, and the evidence concerning the flight of the appellant and his accomplice discloses sufficient support for the verdict and the conviction. ▮ The appellate court will not interfere with the verdict where there is substantial evidence to support it, unless the evidence is obviously false or inherently improbable. (*People* v. *Johnson,* 46 Cal. App. (2d) 63, 66 [115 P. (2d) 605]; *People* v. *Moreno,* 26 Cal. App. (2d) 334 [79 P. (2d) 390].) Appellant's attack upon the truth of the testimony of the complaining witness is merely

a question of credibility which was an issue for the determination of the jury. (*People* v. *DeCoe*, 25 Cal. App. (2d) 522, 524 [77 P. (2d) 883] *People* v. *Tedesco*, 1 Cal. (2d) 211, 219 [34 P. (2d) 467].)

Complaint is made that the cause was not brought to trial within the time prescribed in section 1382 of the Penal Code. But all the continuances, beyond those caused by appellant's escape and absence from the jurisdiction, were made either at his request or with his consent, some to enable him to procure new counsel, others to accommodate his counsel. Other than a request for an "early date" no objections were made to any continuance.

Finally it is argued that the court erred in refusing to permit appellant to examine a report made by a police officer relating to a conversation he had had with the complaining witness. The argument is based upon a misconception of the record. The report was confidential, was not admissible in evidence, and had not been used by the witness to refresh his recollection. The witness merely stated that such a report had been prepared, and that he had it in his possession.

The judgment and the order are both affirmed.

Sturtevant, J., and Spence, J., concurred.