[Crim. No. 1852.   Third Dist.   Mar. 29, 1944.]

THE PEOPLE, Respondent, v. SANFORD E. JACKSON, Appellant.

Archibald M. Mull, Jr., for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

ADAMS, P. J.—In an information filed by the district attorney of Sacramento County defendant was charged with two counts of incest in that he, on December 16 and December 24, 1942, had sexual intercourse with his daughter; with two counts of rape of one Elsie M. who was then under the age of eighteen years, and with three counts of rape of Dorothy M., also under the age of eighteen years. He was found guilty of all of the seven counts, and a subsequent motion for a new trial was denied.

It is unnecessary to enter into a recital of the evidence in the case. As to each of the offenses charged there is ample direct evidence which, if not incredible, furnishes adequate support for the verdict and judgment. Appellant does not, in fact, deny this. His contention is that the verdict is unsupported by evidence because the testimony of the three prosecuting witnesses is inherently improbable and unworthy of belief; that the trial court erred in giving certain instructions, and in refusing to give certain others; and that hearsay evidence prejudicial to him was admitted by said court.

As to the inherent improbability of the testimony of the three prosecuting witnesses, we have read the record in its entirety and while their testimony is in some respects contradicted by other witnesses, and some of it may be inconsistent and out of the ordinary, we cannot say as matter of law that it is inherently improbable.

In *People* v. *Collier*, 111 Cal.App. 215 [295 P. 898], where it was contended that the testimony of a witness was inherently improbable, the court said, page 226:

"It is not sufficient that the testimony may disclose circumstances which are unusual. Where the testimony is such that within the knowledge of reasonable men it cannot be true

the appellate court might assume that knowledge and hold the testimony legally insufficient, but to do so the court must act on what is equivalent to judicial notice."

In *People* v. *Raich*, 26 Cal.App. 286 [146 P. 907], a section 288 case, it was said at page 288:

"The complaining witness among other things testified in substance that the lewd and lascivious conduct charged against the defendant was perpetrated upon her every day for three successive months; that through all of this time she attended school every day, and that once a week during the same time she was bathed by her mother. It is insisted that this testimony of itself shows that the story of the complaining witness was inherently improbable, and therefore utterly unworthy of belief, because, as is argued, it would have been physically impossible for the defendant to have repeatedly done the things charged against him without leaving some outward evidence of his acts upon the person and clothing of the complaining witness, and at the same time visibly and injuriously affecting her health. This may be true; but the record does not show whether any observation of the person, clothing, or health of the complaining witness was made by any person at any time. True the mother of the complaining witness had an opportunity to make the observations referred to; but the fact remains that it does not appear that she did so; and even though she had done so and found no evidence of the crime charged against the defendant, this would not necessarily have demonstrated the improbability of the testimony of the complaining witness."

In *People* v. *Lewis*, 18 Cal.App. 359 [123 P. 232], a case similar in its facts to the one before us, defendant was convicted of statutory rape upon his stepdaughter, upon her uncorroborated testimony. This court said that it would seem almost incredible that the defendant could, in the midst of the surroundings disclosed, have kept up the frequent cohabitation with the child (as she testified) for so long a period and no one observed an incriminating circumstance tending to corroborate her story; but nevertheless it said, page 364:

"We must assume, in the absence of something in the record upon which to base a contrary opinion, that the jury reached a verdict with full realization of their sworn duty, free from passion and prejudice. We must also assume that the learned trial judge was satisfied with the verdict or he

would have granted the motion for a new trial. Cases have occurred, some are cited, where the appellate court has felt itself constrained, in the interest of justice, to override the conclusions of jury and trial court, but such cases are rare, and occur only where the uncorroborated testimony of the complaining witness is so obviously and so inherently improbable as to leave the court no recourse, without self-stultification, except to reverse the judgment. But this obvious and inherent improbability must, however, very plainly appear before the reviewing court should assume the functions of the trial jury.

"In *People* v. *Kuches,* 120 Cal. 569 [52 P. 1003], the court said: 'By denying the motion for a new trial the learned judge of the court below has manifested his satisfaction with its sufficiency (the sufficiency of the evidence); his opportunity to form a correct conclusion upon the weight and effect of the evidence was far better than ours, and his conclusion cannot be disturbed.' (See, also, *People* v. *Benc,* 130 Cal. [159] 168 [62 P. 404]; *People* v. *Logan,* 123 Cal. 414 [56 P. 56].)"

In *People* v. *Holquin,* 48 Cal.App.2d 551 [120 P.2d 71], a prosecution for rape, where it was contended that the testimony of the prosecutrix was inherently improbable, the court said, page 555:

"It is not sufficient that the testimony contain unusual circumstances. (*People* v. *Collier,* 111 Cal.App. 215, 226 [295 P. 898].) It is the peculiar and exclusive province of the jury to determine whether a witness has sworn falsely. Although the testimony of the prosecutrix contains contradictions and although her testimony be contradicted by other witnesses, it is still the duty of the jury to determine whether they will believe or disbelieve the prosecutrix."

In *People* v. *Wasenius,* 113 Cal.App. 106 [297 P. 966], a section 288 case, the court stated that the testimony was of such a revolting character that a recital of same would not be made; but that there was no merit in the claim that it was inherently improbable that defendant committed the offense charged; *that such cases do occur and their facts are not therefore inherently improbable.* (Citing *People* v. *Troutman,* 187 Cal. 313 [201 P. 928].)

In *People* v. *Dorland,* 2 Cal.2d 235 [40 P.2d. 474], a section 288 case, it was contended that the testimony of the boy victim was inherently improbable, one of the contentions be-

ing that it was improbable and unbelievable that defendant, an educated man of good family, would do the acts attributed to him. Other improbabilities were relied upon, but the judgment was affirmed.

In *People* v. *Troutman, supra,* a section 288 case, the opinion states, page 315:

"While the testimony of the complaining witness concerning the details of the commission of the crime is so out of the ordinary in its revelation of revolting details as to be startling in the extreme and difficult to believe, still it cannot be held to be unbelievable merely because it reveals an exceptional depth of moral degeneracy. To so hold would be 'purely a speculative attempt to sound the depths of human depravity and assign arbitrary rules beyond which desire and passion are held to be incapable of seducing or impelling human nature.' (*People* v. *Von Perhacs,* 20 Cal.App. 48 [127 P. 1048]; *Stout* v. *State,* 22 Tex.App. 339 [3 S.W. 231].)"

And in *People* v. *White,* 35 Cal.App.2d 61 [94 P.2d 617], the court said that improbability of testimony must amount to incredibility.

In *People* v. *Von Perhacs,* 20 Cal.App. 48 [127 P. 1048], a rape case, the victim, a girl of sixteen years, testified that defendant had had intercourse with her in the same room with his wife, and with the knowledge of the wife that he was in the adjacent bed with the child. This, it was contended, was inherently improbable; but the court said, page 51:

"While it must be conceded that there is much force in this contention, it is nevertheless but an argument directed against the weight of the evidence and the credibility of the prosecuting witness. Doubtless such an argument was addressed to the jury, and presumably it was by them given the consideration which it deserved.

"The weight of the evidence and the credibility of the witnesses are in the first instance peculiarly within the province of the jury when deliberating upon the guilt or innocence of a defendant; and once their verdict has been rendered the determination of such questions rests solely with the trial judge in passing upon a motion for a new trial. His conclusion as to the sufficiency of the evidence to support the verdict will not be disturbed by this court save in those rare cases where it obviously appears that the testimony upon

which the conviction was had is in and of itself, or when considered in conjunction with the undisputed facts of the case, so inherently improbable as to be impossible of belief, and therefore must be considered to be in effect no evidence at all. (*Fowden* v. *Pacific Coast S. S. Co.*, 149 Cal. 151 [86 P. 178]; *De Arellanes* v. *De Arellanes*, 151 Cal. 443 [90 P. 1059]; *Stout* v. *State*, 22 Tex.App. 339 [3 S.W. 231].)''

Also see *People* v. *Moreno*, 26 Cal.App.2d 334, 336-337 [79 P.2d 390]; *People* v. *Johnson*, 46 Cal.App.2d 63 [115 P.2d 605]; *People* v. *Antunez*, 28 Cal.App. 740 [153 P. 963]; *People* v. *Becker*, 140 Cal.App. 162 [35 P.2d 196]; *People* v. *Amadio*, 25 Cal.App. 729 [145 P. 151]; *People* v. *Ralls*, 21 Cal.App. 2d 674, 676 [70 P.2d 265]; *People* v. *Loehr*, 35 Cal.App.2d 1, 5 [94 P.2d 390]; *People* v. *Haydon*, 18 Cal.App. 543, 555, 556 [123 P. 1102, 1114]; *People* v. *Quinn*, 12 Cal.App.2d 752 [55 P.2d 277]; *People* v. *Asavis*, 27 Cal.App.2d 685, 688 [81 P.2d 595]; *People* v. *Braun*, 14 Cal.2d 1, 5 [92 P.2d 402]; *People* v. *Carrol*, 40 Cal.App.2d 667 [105 P.2d 593].

Appellant's arguments in his brief are directed at alleged inconsistencies, contradictions, and what he believes to be improbabilities and untruths in the testimony of the complaining witnesses; and, as is usual in such cases, the characters of such witnesses are attacked. But these matters were all for the jury, and though the testimony may have disclosed circumstances that are unusual, and though some of it may be unworthy of belief, it is the exclusive province of a jury to determine whether a witness has sworn falsely, and it may reject a portion of the testimony of such witness and yet find sufficient credible testimony to support a verdict.

In *People* v. *Loehr*, *supra*, nine different respects in which it was contended the testimony of the complaining witness was improbable were set forth, but the court said while the alleged variances or claimed inconsistencies and contradictions appearing in the boy's testimony afforded opportunity for a persuasive argument to the jury against the reliability of his testimony, there was nothing in it from which a reviewing court could justly conclude that his entire testimony was *per se* unbelievable; that reviewing judges are in no position to determine the credit which should be accorded to witnesses, or to weigh their testimony. And, as was said in *People* v. *Lewis*, *supra*, we must assume, in the absence of something in the record upon which to base a contrary opinion, that the jury reached a verdict with full realization

of their sworn duty, free from passion and prejudice. Also, as there said, we must assume that the learned trial judge was satisfied with the verdict or he would have granted the motion for a new trial.

We cannot say that within the knowledge of reasonable men the testimony of the girl witnesses in this case cannot be true, or that it is unbelievable merely because it reveals an exceptional depth of moral depravity on the part of defendant, or that it would have been physically impossible for defendant to have done the things charged against him, or that the testimony of the three girls is impossible of belief. Here appellant's arguments are really arguments upon the weight of the evidence and the credibility of the witnesses, which were matters for the jury and are not for this court.

■ Coming now to the alleged errors in the matter of instructions, appellant complains that his proposed Instruction No. 7 should have been given. It reads:

"There is no class of prosecution attended with so much danger or which affords so ample an opportunity for the full play of malice or private revenge as a prosecution for rape or incest. Therefore, you are charged to consider the evidence before you calmly, dispassionately and deliberately as you would any other accusation and to carefully and guardedly weigh, analyze and consider the testimony against the defendant."

The first sentence of this instruction is taken from the opinion of the court in *People* v. *Benson,* 6 Cal. 221, 223 [65 Am.Dec. 506]; but the court did not there say that such language should be used in an instruction to a jury. It merely said that such a case should not go to the jury upon the sole testimony of the prosecutrix, unsustained by facts and circumstances corroborating it, without the court's warning them of the danger of a conviction on such testimony. The court gave two instructions, also requested by defendant, which read:

"You are instructed that since the charge of rape or incest is one which is easy to make and difficult to disprove, the testimony of the prosecuting witnesses ought to be received with great care and caution, and the evidence in this case should be weighed with the utmost care without bias or prejudice."

"The Court instructs the jury that the evidence of children must be scrutinized with great care and in determining the credibility of such testimony, you may take into consideration the probability or improbability of such evidence, whether the child testifying tells a straight story or contradicts herself, whether her testimony is corroborated, or otherwise, whether her evidence is consistent with the physical facts as shown by the evidence, whether she has been coached, or otherwise, whether her testimony shows a knowledge of things and the use of words beyond the knowledge of children of such tender years, and from these, together with all the other rules laid down in these instructions for your guidance, determine the weight, if any, you will give to such testimony."

This was sufficient on the subject, particularly because there was no evidence of malice or of any cause for revenge on the part of the three prosecuting witnesses. Dorothy and Elsie evidenced no ill will toward him. Defendant testified that he knew of no reason why the girl witnesses should have made accusations against him, and Mrs. Jackson testified that she knew of none. And the only evidence of any differences between father and daughter were regarding the latter's absences from school, and the father's unwillingness to allow her to have amusements and be with her friends. As far as the record shows she indicated no malice or desire for revenge. Also, the record shows no evidence that these witnesses had been coached.

In connection with this alleged error, appellant cites *People* v. *Trumbo*, 60 Cal.App.2d 681, 683 [141 P.2d 225]; *People* v. *Putnam*, 20 Cal.2d 885 [129 P.2d 367], and *People* v. *Adams*, 14 Cal.2d 154, 164 [93 P.2d 146].

In the Trumbo case no cautionary instructions were given. The court there was requested to give an instruction reading:

"A charge of this nature is particularly difficult for defendant to clear himself of. No charge can be more easily made, and none more difficult to disprove. In the nature of the case, complaining witness and defendant are generally the only witnesses who can testify as to the existence or nonexistence of the facts in issue. Unless you are satisfied to a moral certainty and beyond all reasonable doubt that the defendant is guilty, it is your duty to find a verdict in favor of the defendant."

The court refused and instead charged:

"The testimony of a child of tender years, such as the prosecuting witness here, ought to be viewed with care and caution, and the evidence in a case of this kind is to be weighed by you with the utmost care without bias or prejudice."

A comparison of the instruction requested in that case with the one given in this case shows that the latter contains all that was contained in the omitted instruction in the Trumbo case, and more. Also, it contains all that the Putnam case said should be included in a cautionary instruction, and some things that the court there said were unnecessary. It covers what the court, in *People* v. *Adams, supra,* said (at p. 164) was sufficient to guard and fully protect the rights of the defendant.

■ Appellant also complains of the failure of the court to give his proposed Instruction No. 18, which reads:

"The interest of a defendant in the result of an action does not deprive him of the benefit of his own testimony. The law makes him a competent witness in his own behalf, and his testimony is entitled to full and fair consideration by you, the same as that of any other witness. He is considered innocent until the prosecution establishes the contrary by convincing proof and beyond a reasonable doubt. His evidence is entitled to full credit when you believe he has spoken the truth, and the evidence of such a witness is sufficient proof of any fact to which you believe he has truthfully testified."

This instruction was marked "not given" because "covered elsewhere." Defendant's Instruction No. 13, which was given, reads:

"In considering the weight and effect to be given to the evidence of the defendant, you may consider his manner, and the probability of his statements, taken in connection with all the evidence in the case, and if convincing and carrying with it a belief in its truth, act upon it; if not, you have the right to reject. But this does not mean that you have a right to arbitrarily reject it. And, in judging of the defendant who has testified before you, you are in duty bound to presume that he has spoken the truth; and unless that presumption has been legally dispelled, his evidence is entitled to full credit."

The jury was fully and fairly advised regarding the necessity that defendant be proven guilty to a moral certainty and beyond all reasonable doubt, by Instruction No. 15, proposed by defendant, which reads:

"You are instructed that the defendant is only on trial for the particular crimes charged in the information and his guilt of the particular crimes charged in the information must be proven to a moral certainty and beyond all reasonable doubt before you are entitled to bring in a verdict of guilty against him as to any of the charges of the information, and if you find the prosecution has not proven the offense or offenses charged in the information to a moral certainty and beyond all reasonable doubt, you must find the defendant not guilty."

They were also instructed elsewhere that it devolved upon the prosecution to establish beyond a reasonable doubt that defendant was guilty of the crime charged, and that he was presumed to be innocent; section 1096 of the Penal Code was read to them, and the court told them that defendant was not only entitled to depend upon evidence which he had offered on his own behalf but was also entitled to the benefit of any and all evidence or lack of evidence tending in any way to show his innocence, which might have been offered by the prosecution; also that good character itself might, in connection with all the evidence, generate a reasonable doubt and entitle defendant to an acquittal.

Appellant also claims error in the trial court's failure to give his proposed Instruction No. 11, which reads:

"In considering the evidence as to truth or falsity of any facts contended for by either side, one of which fairly points to the defendant's guilt and the other of which raises in your minds a reasonable doubt as to his guilt, you should find such fact in his favor and acquit him."

This was sufficiently covered by Instruction No. 15 above set forth, and by defendant's Instruction No. 14 which reads:

"You are further instructed that if, from the facts offered in this case, the jury finds that they can draw two equally reasonable conclusions, one of which points to the guilt of the defendant, and the other of which points to the innocence of the defendant, it is the duty of the jury to adopt that conclusion which is consistent with the innocence of the defendant and to find him not guilty. In other words, if you find that the evidence in this case is susceptible of two reasonable

constructions, one of which would lead you to a verdict of guilty as to the defendant, the other of which would lead you to a verdict of not guilty as to the defendant, it is the duty of the jury under the law to adopt that explanation which would cause you to return a verdict of not guilty as to the defendant.''

It is next contended that the trial court erred in instructing the jury in accordance with section 261 of the Penal Code defining the various kinds of rape; that this was confusing to the jury and covered subjects concerning which there was no evidence. But while it is true that there was no evidence as to incapacity of any of the prosecuting witnesses to give consent because of lunacy, etc., the court instructed the jury that

''I instruct you that in this case as to the charges of rape there could be no legal consent, for here the law implies incapacity to give consent, and this implication is conclusive. In such case the female is to be regarded as resisting, no matter what the actual state of her mind may be at the time. The law resists for her.

''This instruction is applicable only if you find from the evidence that the prosecutrix in the rape charges are under the age of eighteen years and not the wives of the accused.''

And as during the trial emphasis was put upon the age of the girls involved, all of whom were well under the age of eighteen years, we cannot say that any miscarriage of justice resulted from the reading of section 261 of the Penal Code. It is not contended that defendant was told or believed that either of the victims of rape was over the age of eighteen years.

It is also the contention of appellant that the court erred in instructing on circumstantial evidence, as follows:

''There are two classes of evidence recognized and admitted in Courts of Justice, upon either of which juries may lawfully find an accused guilty of crime. One is direct or positive testimony by an eye witness to the commission of the crime; and the other is proof by testimony of a chain of circumstances pointing sufficiently strong to the commission of the crime by the defendant and which is known as circumstantial evidence.

''Crime may be proven by circumstanial evidence as well as by direct evidence of an eye witness, but the facts and

circumstances in evidence should be consistent with each other and with the guilt of the defendant, and inconsistent with any reasonable theory of his innocence, and must show his guilt beyond a reasonable doubt."

Also:

"If, upon consideration of the whole case, you are satisfied to a moral certainty and beyond a reasonable doubt of the guilt of the defendant, you should so find irrespective of whether such certainty has been produced by direct evidence or by circumstantial evidence. The law makes no distinction between circumstantial and direct evidence in the degree of proof required for conviction, but only requires that the jury shall be satisfied beyond a reasonable doubt by evidence of either the one character or the other or both."

Appellant claims that there is no circumstantial evidence in the case upon which the jurors could have found defendant guilty of either rape or incest, and that these instructions "gave the jurors the impression that they could find defendant guilty on their suspicion that there must have been some circumstances somewhere pointing to his guilt, otherwise he would not have been prosecuted." This is, of course, pure speculation, and we cannot say that the instructions gave the jury any such impression. Cases must be rare in which no circumstantial evidence is presented; and there was testimony in this case of circumstances which the jury had a right to consider in determining defendant's guilt. For instance, before his daughter returned to live in his home defendant employed many young girls, including Elsie and Dorothy M., to work in the small house occupied by his wife and himself, and they sometimes slept there; he and his wife took Dorothy M., with them and another man, to various dances and other places of amusement, on which occasions Dorothy sat with defendant on the front seat of his car; after his daughter had made charges against him defendant offered Dorothy $20 not to reveal their relations; and after his daughter had for over two years lived with a Mrs. Kennedy who desired to adopt her, defendant brought her to the home occupied by him and his second wife and their four small children, only after she had arrived at the age of maturity. Other circumstances might be recited but the foregoing were sufficient to justify the instruction given. Also defendant's argument on the alleged "inherent improbability" of the testimony of the prosecuting witnesses is based

upon circumstances which he alleges are inconsistent with the truth of their testimony that defendant committed the offenses charged.

■ Another alleged error is the refusal to give an instruction proposed by defendant, reading:

"You are instructed that you are not at liberty in this case to find the defendant guilty upon your own unaided suspicions; in other words, the mere suspicion, however strong it may be, is not sufficient to authorize conviction of the defendant; nor are you at liberty to convict the defendant on the argument of counsel, or on account of any prejudice that you may have conceived against the defendant prior to or during the progress of the trial."

But the court did advise them:

"You are the exclusive judges of the weight, value and effect of the evidence and of the credibility of the witnesses. Under your oaths as jurors you are to take into consideration only such evidence as has been admitted by the Court, and you should disregard and discard from your minds every impression or idea suggested by questions asked by counsel which were objected to and to which objections were sustained. This case is to be tried only on the evidence which is before you and not on suspicions that may have been excited by questions of counsel, answers to which were not permitted. You are not to consider evidence which has been excluded by the Court in determining any fact in the case."

This instruction advised the jurors that they were not to be influenced by suspicions.

■ Another complaint of appellant is that the trial court admitted certain hearsay evidence of statements made by defendant's wife in conversation with a witness, Mrs. Bradley. But no objection to this testimony was interposed and, furthermore, defendant's counsel cross-examined the witness on these conversations, and brought out additional statements.

A review of the record in this case convinces us that the trial court tried the case carefully and with due regard to the rights of the defendant and that there is ample evidence to sustain the verdict and the judgment. The veracity of the witnesses and the weight to be given their testimony were matters for the jury, and are not for a reviewing court. The jury was fully and fairly instructed by the trial court upon

the law relating to the facts of the case, and we find no error resulting in a miscarriage of justice.

Accordingly, the judgment and the order denying a new trial are affirmed.

Peek, J., and Thompson, J., concurred.