[Crim. No. 8292.   Second Dist., Div. One.   Mar. 26, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND ALVARADO OLIVAS, Defendant and Appellant.

Raymond Alvarado Olivas, in pro. per., and Julius N. Blank, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal "from an order denying a motion for a new trial."

In an indictment returned in Los Angeles County appellant was charged with selling heroin on August 8, 1961. It was further charged that appellant had previously been convicted of two felonies (rape and pimping) and had been convicted (and had served a sentence) on one charge of violating section 11500, Health and Safety Code (possession of narcotics). Appellant pleaded not guilty and ultimately admitted the prior felony charges of rape and pimping. The court found the charge of the prior narcotics activity to be true. After a jury trial appellant was found guilty as charged. A motion for a new trial was denied and, as above indicated, the appeal is from the order of denial. Such an order is not appealable under the provisions of Penal Code section 1237, subdivisions 1 and 2; however inasmuch as appellant filed his own notice of appeal we are inclined presently to interpret liberally the notice of appeal and we have dealt with it as if it were a notice of appeal from the judgment.

A résumé of some of the evidence as disclosed by the testimony is as follows: at about 5 p.m. on August 8, 1961, Milton Reade, an undercover agent of the sheriff's narcotics detail parked his unmarked car at the intersection of Mednik and Torreno Streets in East Los Angeles. He had made about 20 purchases of narcotics in the month, up to and including the 8th day of August. He was dressed in khaki trousers, sport shirt and sandals, and wore a mustache and goatee beard. He was accompanied by a narcotics informant and upon parking his car, crossed the street and entered a handball court located close by, wherein the officer saw appel-

lant sitting on a bench. There were about 15 other persons on or near the handball court.

Reade seated himself beside appellant and asked him if he had "a half," meaning a half gram of heroin or five No. 5 capsules. Appellant was holding a newspaper over his lap. He did not reply immediately to Reade's inquiry; however, he very shortly thereafter withdrew five gelatin capsules from a container and handed them to Reade who, after placing the capsules in a cellophane wrapper, paid appellant $10 of county advanced funds. The informer Hall was nearby throughout the transaction between appellant and Reade, although Hall did not introduce Reade to appellant.

Upon leaving the immediate vicinity, Reade made a written notation of the license numbers of four automobiles which were parked directly in front of the handball court. One of these cars was a 1953 Buick automobile which was registered to appellant.

While proceeding along the sidewalk shortly after leaving appellant, Reade met Victor Gonzales in front of a market close by the handball court. Gonzales and Reade walked north through a housing project and came to a dwelling in the vicinity of Rodena Street, where Reade made a purchase of narcotics from Gonzales at about 5:10 p.m. Reade kept the narcotics purchased from the appellant and from Gonzales separate and apart from each other.

Upon examination of a mug file at a later date Reade was able to determine from a photograph of appellant that he was the person from whom he had purchased the five capsules of heroin at the handball court.

During the time of Reade's activities, as heretofore set forth, he was under surveillance of other deputy sheriffs. Reade had no narcotics in his possession prior to the transaction with appellant. After the above transactions were completed Reade met the two officers who had him under surveillance, showed to them the capsules he had purchased and initialled each capsule. The capsules from each sale were placed in separate envelopes and subsequently the contents of two capsules from each envelope were analyzed by a forensic chemist and found to contain heroin. The envelopes and the capsules and contents purchased from appellant were offered and accepted into evidence. One of the surveillance officers testified and told of his observations of Reade's procedure which in substance corroborated Reade's testimony.

Appellant testified that he never had seen Reade and never had sold any heroin to him.

Appellant now contends that the evidence was insufficient to sustain the conviction and further that the prosecutor was guilty of prejudicial misconduct in his argument to the jury.

██ Appellant asserts that Officer Reade made contradictory statements and therefore his testimony should not be believed. His credibility was for the jury. (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778] ; *People* v. *Becker*, 140 Cal.App. 162, 165-166 [35 P.2d 196] ; *People* v. *Moreno*, 26 Cal.App.2d 334, 336 [79 P.2d 390] ; *People* v. *Phillips*, 76 Cal. App.2d 515, 520 [173 P.2d 392].)

██ It is clear that the evidence was amply sufficient to sustain the verdict of guilty.

██ Appellant further asserts that the prosecutor was guilty of misconduct when in argument in referring to Gonzales and appellant he said, "birds of a feather flock together." The testimony was clear that Gonzales was a convicted narcotics offender, he had testified for appellant, appellant had admitted to previous connection with narcotics activities. Gonzales was a seller and appellant a user. It is difficult to find any prejudicial misconduct in the statement. Indeed, it was proper argument.

There was further a reference by the prosecutor to an area of the county as an "asphalt jungle" and a statement to the effect that things could occur in such an area which defied understanding. There was also a comment about the informer's being a "narcotic addict," to which there was an objection. The prosecutor immediately stated that such was his impression, however if he was in error in such reference that he apologized. There was further a reference by the prosecutor to the contents of the capsules to the effect that each of the capsules contained heroin when in fact the stipulation was that the contents of the two capsules which the chemist had examined contained heroin. The prosecutor immediately admitted his error, upon being corrected.

We have read the entire record, which is not extensive, and there is nothing therein which indicates that the appellant did not have a fair trial.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1963.